

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW PARLEE,<br><br>    Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 13-09113-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On December 18, 2013, Matthew Parlee ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on March 26, 2014. On July 15, 2014, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 38-year-old male who applied for Supplemental Security Income benefits on January 10, 2011,[1] alleging disability beginning October 13, 2010. (AR 13.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since January 10, 2011, the application date. (AR 15.)

Plaintiff's claim was denied initially on June 3, 2011 and on reconsideration on August 24, 2011. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Richard A. Urbin on June 22, 2012, in Pasadena, California. (AR 13.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 13.) Vocational expert ("VE") Laurence Gordon also appeared and testified at the hearing. (AR 13.)

The ALJ issued an unfavorable decision on September 28, 2012. (AR 13-25.) The Appeals Council denied review on October 22, 2013. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's testimony and made proper credibility findings.

2. Whether the ALJ properly considered the Third Party Function Report.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

---

[1] Claimant also filed a Title II application for a period of disability and disability insurance benefits on or around January 26, 2011, which was denied on the grounds that the insured status requirements of the Social Security were not met. No further appeal of that claim was taken. (AR 13.)

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since January 10, 2011, the application date. (AR 15.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: residuals (decreased sensation of the left upper and lower extremities) from a subarachnoid hemorrhage from an aneurysm of the left anterior communicating artery (status post obliteration ("coiling")) of aneurysm, angioplasty and angiograms on October 13, 2010, with development of hydrocephalus (status post ventriculostomy on October 14, 2010) and removal of ventriculostomy on October 26, 2010 with small left aneurysm (not amendable to coiling); hypertension; and a mood disorder, not otherwise specified. (AR 15-16.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16-18.)

The ALJ then found that Plaintiff has the RFC to perform the full range of light work as defined in 20 C.F.R. § 416.967(b) except that Claimant has the following non-exertional limitations: Claimant is mentally able to perform simple, repetitive tasks. (AR 18-23.) In determining this RFC, the ALJ made an adverse credibility determination (AR 19.)

At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a farmworker. (AR 23.) The ALJ, however, also found that considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including occupations such as small products assembler, assembly-machine tender and electronics worker. (AR 24-25.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act. (AR 25.)

5

## DISCUSSION

### I. THE ALJ PROPERLY CONSIDERED PLAINTIFF'S TESTIMONY

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom testimony. The Court disagrees.

### A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 446 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is

6

not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.     Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Claimant's medically determinable impairments reasonably could be expected to cause some of his alleged symptoms. (AR 19.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were "not credible" to the extent inconsistent with the ALJ's RFC. (AR 19.) Because the ALJ did not make a finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that the medical evidence does not support the alleged severity of Claimant's symptoms or establish disabling limitations. (AR 19-21.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged pain symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ exhaustively reviewed the medical evidence, finding nothing to suggest an inability to perform simple, repetitive work. (AR 12-21.) The ALJ noted Plaintiff experienced a brain hemorrhage in October of 2010 and underwent surgery. (AR 16, 19.) In the year following surgery, he experienced residual effects such as aphasia, left side numbness and weakness, decreased sensation of the lower left extremity and decreased reflexes of the lower extremity. (AR 16, 19.) By October 2011, however, the clinical data indicate that the only remaining residual was decreased sensation in the left extremities. (AR 16, 19.) Although follow-up scans revealed another small aneurysm, it is stable without any symptoms. (AR 19.) His blood pressure is under control. (AR 19.) As to the ability to perform physical aspects of work, State agency medical consultants indicated that since October 2011 Plaintiff has been able to perform a full range of light work. (AR 20-21.) Mentally, Plaintiff had mild cognitive disturbances after the aneurysm

surgery but nonetheless was described as "independent and functional." (AR 19.) The consulting psychologist concluded that Plaintiff has few significant limitations. (AR 19, 21.) No treating source opined Claimant is unable to perform work activities. (AR 20.)

Second, the ALJ noted that Claimant alleged a mood disorder but this condition is scarcely mentioned in treatment records and he denied to the consulting psychologist in March of 2011 that he had received psychiatric treatment or medication. (AR 19, 21.) He later testified that psychiatric medications he now takes do help with his moods. (AR 19, 21.) The ALJ found this condition to be well-managed with medications and conservative measures. (AR 21.) The ALJ may consider lack of treatment or conservative treatment in considering credibility. Burch, 400 F.3d at 681; Parra, 481 F.3d at 750-51. Also, impairments that can be controlled with medication are not disabling for Social Security purposes. Warre v. Comm'r, 439 F.3d 1001, 1006 (9th Cir. 2006).

Third, the ALJ found that Plaintiff's daily activities are inconsistent with disabling impairments (AR 22), which is a legitimate consideration in evaluating credibility. Bunnell, 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ observed that Claimant has the ability to tend to his personal care needs, prepare simple meals, shop in stores, handle money, take public transportation and engage in other activities someone with disabling symptoms would not be expected to perform. (AR 22.) The ALJ found that, while these activities do not necessarily prove Plaintiff can work, they do suggest Claimant has greater functional abilities than alleged. (AR 22.) See Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009) (inconsistent daily activities may not prove a claimant can work but do suggest that the alleged severity of his or her limitations was exaggerated).

Plaintiff disputes the ALJ's interpretation of the evidence regarding Plaintiff's credibility but the ALJ is responsible for resolving conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

Where the ALJ's interpretation of the evidence is reasonable as it is here, it should not be second-guessed. Rollins, 261 F.3d at 857.

## II. THE ALJ PROPERLY CONSIDERED THE LAY WITNESS TESTIMONY

### A. Relevant Federal Law

Lay witness testimony regarding a claimant's symptoms is "competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Smolen, 80 F.3d at 1288-89 (to reject lay witness testimony, ALJ must make findings "germane to each witness, and supported by substantial evidence"). The reasons germane to each witness must be specific. Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009). Lay witness testimony cannot be disregarded without comment. Stout v. Comm'r, 454 F.3d 1050, 1053 (9th Cir. 2006). In rejecting lay witness testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does not "clearly link his determination to those reasons" and substantial evidence supports the ALJ's decision. Lewis, 236 F.3d at 512. The ALJ also may "draw inferences logically flowing from the evidence." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

### B. Analysis

Plaintiff contends that the ALJ erred in rejecting the Third Party Function Report (AR 173-180) of his friend Robert Farquar who reported Plaintiff was "confused and unfocused." The ALJ gave limited weight to Mr. Farquar's statements because they are "not fully consistent with the evidence as a whole" and "fail to overcome the probative effects of the medical evidence." (AR 23.) As already noted, the consulting psychological examiner did not find Plaintiff's mental limitations disabling. (AR 21, 503, 504, 506.) Inconsistency with the medical evidence is a germane reason for discounting lay witness testimony. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ did not err in discounting Mr. Farquar's statements.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: October 21, 2014     */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE